| | | |
|---|---|---|
| CENTURY INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:11-CV-1097 (CEJ) |
| | ) | |
| ANHEUSER-BUSCH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the defendant's motion to dismiss the complaint or, in the alternative, for a more definite statement. Plaintiff has filed a response opposing defendant's motion, and the issues are fully briefed.

### I.    Background

In this action, plaintiff seeks a declaration of its rights and duties under twelve excess insurance policies it issued to defendant during the years 1980-1992. Attached to the complaint is a list of 113 asbestos-related personal injury suits plaintiff claims are pending against defendant. Plaintiff alleges that it has limited or no duty to defend or indemnify defendant for liability incurred on these underlying claims based on various theories that may be applicable to one or more of the underlying claims. Plaintiff also alleges that defendant has or may seek payment from plaintiff for the underlying claims. However, plaintiff does not specify the claims for which payment has actually been sought.

Defendant moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) and 9(c) or, alternatively, requests a more definite statement under Fed. R. Civ. P. 12(e). Defendant also argues that the complaint fails to state a justiciable controversy

because plaintiff's claims are not ripe for adjudication.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

Defendant's assertion that plaintiff has not alleged a justiciable controversy under Article III of the Constitution is properly analyzed under Fed. R. Civ. P. 12(b)(1). See Wax'n Works v. City of St. Paul, 213 F.3d 1016, 1020 (8th Cir. 2000) (indicating that whether a claim is ripe for adjudication goes to a court's subject matter jurisdiction under the case or controversy clause of Article III of the federal Constitution). "A district court has the authority to dismiss an action for lack of subject

matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." <u>Johnson v. United States</u>, 534 F.3d 958, 962 (8th Cir. 2008) (internal punctuation and quoted case omitted).

As the party seeking the Court's exercise of jurisdiction, plaintiff bears the burden of proving each element of standing. <u>National Right to Life Political Action Committee v. Connor</u>, 323 F.3d 684 (8th Cir. 2003); <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992). It is presumed that federal courts lack jurisdiction "unless the contrary appears affirmatively from the record." <u>Aetna Casualty and Surety Co. v. General Dynamics Corp.</u>, 968 F.2d 707 (8th Cir.1992).

### III. Discussion

The Court will first address defendant's contention that plaintiff has failed to meet its burden of establishing jurisdiction. <u>Gray v. City of Valley Park</u>, 567 F.3d 976, 983 (8th Cir. 2009) ("Federal courts must always satisfy themselves that this requirement has been met before reaching the merits of a case." (internal quotation omitted)).

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The controversy requirement of the Declaratory Judgment Act is synonymous with that of Article III of the Constitution." <u>Carson v. Pierce</u>, 719 F.2d 931, 933 (8th Cir.1983) (citing <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227, 239-40 (1937). "This 'irreducible constitutional

minimum of standing' requires a showing of 'injury in fact' to the plaintiff that is 'fairly traceable to the challenged action of the defendant,' and 'likely [to] be redressed by a favorable decision.' " Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 591 (8th Cir. 2009) (quoting Lujan, 504 U.S. at 560-61).

In the declaratory judgment context, Article III requires a plaintiff to allege facts that, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941). A dispute that forms the basis for declaratory relief must be ripe to constitute an "actual controversy." Id. at 127. The justiciability problem that arises from a potential breach of contract can often "be described in terms of standing (whether plaintiff is threatened with 'imminent' injury in fact 'fairly … trace[able] to the challenged action of the defendant,' or in terms of ripeness (whether there is sufficient 'hardship to the parties [in] withholding court consideration' until there is enforcement action)." Id. at 128, n.8 (quoting Lujan, 504 U.S. at 560; Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967)) (internal punctuation and citations omitted). "Whether the factual basis of a declaratory judgment action is hypothetical-or more aptly, too hypothetical-for purposes of the ripeness doctrine (and concomitantly Article III) is a question of degree." Public Water Supply Dist. No. 8 of Clay County, Mo. v. City of Kearney, Mo., 401 F.3d 930 (8th Cir. 2005) (citing Nebraska Public Power Dist. v. MidAmerican Energy Co., 234 F.3d 1032, 1037-38 (8th Cir. 2000)).

An insurer may bring a declaratory judgment action to determine whether it has

-4-

a duty to defend or indemnify a policyholder so long as there appears to be a disputed coverage issue of sufficient imminency to constitute an actual controversy.  <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227 (1937).  Where an insured has "made a clear demand for payment of defense and indemnity costs . . . [and the insurer] disputed those demands, there is a live justiciable controversy between the parties sufficient to invoke jurisdiction of the district court."  <u>Aetna Casualty & Surety Co. v. General Dynamics Corp.</u>, 968 F.2d at 711 (8th Cir. 1992) (citing <u>Aetna Life Ins.</u>, 300 U.S. at 227).  Similarly, when "[t]he lines are drawn [and] the parties are at odds, the dispute is real."  <u>Capitol Indemnity Corp. v. Miles</u>, 978 F.2d 437, 438 (8th Cir.1992).  Thus, a coverage dispute can form the basis for a declaratory judgment action when the insured has made a demand for defense, indemnity, or other payment under a policy, thereby requiring the insurer to choose between acquiescing to the demand or risking *greater* liability by refusing coverage.  <u>See</u> <u>Federal Ins. Co. v. Sammons Financial Group</u>, Inc., 595 F.Supp.2d 962, 972 (S.D. Iowa 2009).

Here, defendant states that plaintiff has failed to specifically identify a single underlying claim for which defendant has demanded payment.  In fact, defendant has argued--and plaintiff does not contest--that many of the underlying claims identified in plaintiff's complaint were settled years ago, with no demand for payment ever having been submitted to plaintiff.  Plaintiff responds that what it is actually seeking in its complaint is clarification on several legal questions that will aid the parties in interpreting the insurance policies at issue.[1]  Plaintiff claims that its complaint is

---

[1]Plaintiff claims that the parties are currently in dispute over which state's law applies to interpretation of the contract, whether defendant's self-insured coverage is allocated on a "pro rata" or "all sums" basis, and whether the triggering event in the underlying claims is continuous over the period of asbestos exposure or

sufficient to show an actual controversy because it states that defendant "has or may" demand defense or indemnity on at least some of the 113 underlying claims that are listed in its complaint. In support, plaintiff has submitted a letter dated May 4, 2011 from defendant to the insurance underwriter for "Pacific Employers/ACE Insurance Co./California Union" notifying it of three recently-filed asbestos claims and requesting that it ensure that all appropriate policies are put on notice of the pending actions. Two of the three actions referenced in the letter appear to be in the table incorporated into plaintiff's complaint. However, the letter does not contain any demand for payment or defense and only purports to notify the insurer of the actions.

Under these circumstances, the Court finds that plaintiff has failed to satisfy its burden of establishing an actual controversy. Stating that defendant "has or may" assert a claim for coverage is the same as stating that the 113 underlying claims may or may not be ripe for adjudication. This allegation is ambiguous with regards to jurisdiction and is insufficient to "nudge[ ] the[ ] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 561 (A complaint cannot simply leave "open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery."). "While general factual allegations of injury might suffice to establish standing in some instances, general allegations of *possible* or *potential* injury do not." Zanders v. Swanson, 573 F.3d 591, 595-96 (8th Cir. 2009) (applying Twombly to determine whether plaintiff had standing).

As recently stated by the Supreme Court in Summers v. Earth Island Institute,

it is well established that the court has an independent obligation to assure that standing exists, regardless of whether it is challenged by any

coincides with the manifestation of an asbestos-related injury. (Doc. #15).

of the parties. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). Without individual affidavits, how is the court to assure itself that . . . some of these members plan to make use of the specific sites upon which projects may take place? Or that these same individuals will find their recreation burdened by the Forest Service's use of the challenged procedures? While it is certainly possible—perhaps even likely—that one individual will meet all of these criteria, that speculation does not suffice. "Standing," we have said, "is not 'an ingenious academic exercise in the conceivable' … [but] requires … a factual showing of perceptible harm.

Summers v. Earth Island Institute, 555 U.S. 488, 499 (2009) (internal citations omitted). Similarly, plaintiff has failed to affirmatively identify in its complaint any specific underlying claim that satisfies the actual controversy requirements explained in Aetna and Capitol Indemnity. Aetna, 968 F.2d at 711; Capitol Indemnity, 978 F.2d at 438. The documentation submitted by plaintiff in response to defendant's dismissal motion does not cure this defect. Moreover, it is undisputed that the policies at issue in plaintiff's complaint provide only excess liability. Thus, the immediacy of harm to plaintiff is even more tenuous because the filing of an underlying suit is not co-extensive with a duty to defend. Cf. Hartford Acc. and Indem. Co. v. Doe Run Resources Corp., 663 F.Supp.2d 771 (E.D. Mo. 2009) (dismissing declaratory judgment claim by excess-liability insurer where settlement of underlying suit was pending, but no demand for payment had been made under the excess-liability policy).

IV.   Conclusion

For the reasons stated above, the Court finds that plaintiff has failed to establish an actual controversy. Therefore the complaint will be dismissed for lack of subject-matter jurisdiction.

Accordingly,

IT IS HEREBY ORDERED that the defendant's motion to dismiss the complaint

[Doc. #10] is **granted**.

A separate Order of Dismissal will be entered.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of March, 2012.